The order below is hereby signed.

Signed: January 24, 2006.



_S. Martin Teel, Jr._
_signature_

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MABEL J. HAIRSTON, | ) | Case No. 06-00006 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

ORDER

On January 9, 2006, the debtor filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (D.E. No. 12). Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application states that there are two members of her household, that she has no monthly net income, and that

her monthly expenses total $1,076.00. The debtor's Statement of Current Monthly Income and Means Test Calculation (D.E. No. 11, filed January 9, 2006), however, states that there are <u>three</u> members of her household (even though the debtor claims that she is unmarried elsewhere in that same statement), and that the debtor <u>receives</u> $1,076.00 per month in income plus another $829.00 per month in contributions from another person to the expenses of the debtor or the debtor's dependents.

The debtor's Schedules I and J (D.E. No. 4, filed January 9, 2006) list her net monthly income as $1,076.00 (no mention is made of the $829.00 that the debtor may or may not receive from an outside contributor), and Schedule J lists the debtor's monthly expenses as totaling $603.00--a difference of $473.00 each month. Finally, the debtor's certificate of credit counseling (D.E. No. 10, filed January 9, 2006) also lists the debtor's income as $1,076.00 per month, but calculates her monthly expenses as totaling $829.00 per month for a difference of $247.00. Thus, depending on the figures used, the debtor may make as much as $22,860.00 per year for a two-person household and save as much as $1,302.00 per month, or she may make as little as $0.00 in a year and lose as much as $829.00 every month.

The court cannot make any definitive finding regarding the debtor's income because of the numerous inconsistencies in the

debtor's various filings.  Such findings are necessary to permit a waiver of the chapter 7 filing fee.  Accordingly, the court cannot grant the debtor's application at this time.

But even if the court had a concrete understanding of the debtor's finances, it is likely that the debtor's application would be unsuccessful.  Assuming that the debtor actually draws a monthly income of $1,076.00 (as suggested by the debtor's statement of monthly income, schedules, and certificate of credit counseling), and expends rather than receives an additional $829.00 each month (as suggested by the debtor's certificate of credit counseling), the debtor's annual income would fall short of 150% of the applicable poverty line figure regardless of whether that figure was calculated for a household of two or three.[1]  However, the debtor's income would exceed her expenditures by $247.00 each month.  Without any other evidence of extenuating circumstances, the court must presume that a

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  Under the most recent HHS guidelines, the poverty line for a family of three is $16,090.00 per year, which would mean that the debtor's projected income would equal approximately 80% of the poverty line figure, while the poverty line for a household of two is $12,830.00, which would mean that the debtor's income would equal approximately 101% of the poverty line figure.

debtor saving $247.00 every month can pay her filing fee in installments.

The debtor's various filings are too inconsistent to permit the findings necessary to warrant a waiver of the chapter 7 filing fee, and, to the extent that the court can glean any understanding of the debtor's finances from her various filings, those figures suggest that the debtor has the resources to pay her filing fee in installments if not in full.  Accordingly, it is

ORDERED that the debtor's Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (D.E. No. 12) is DENIED; and it is

ORDERED that within 15 days of the entry of this order the debtor either pay the filing fee in this case in full, file an application to pay the filing fee in installments and pay the initial installment under any proposed installment plan in accordance with Fed. R. Bankr. P. 1006 and the local rules of this court, or show cause why her case ought not be dismissed.

[Signed and dated above.]

Copies to: Debtor